IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW HARDY MOORE, <br><br>    Plaintiff, <br><br> v. <br><br> CARINTHIA WILLIAMS, <br><br>    Defendant. | Case No. 3:19-cv-105-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the complaint should be dismissed.

Plaintiff filed his medical malpractice complaint against Defendant Carinthia Williams on January 14, 2019. Compl. (ECF No. 3). On April 15, 2019, the Court entered an order instructing Plaintiff that, because he paid the statutory filing fee, he was responsible for serving Defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. Order (ECF No. 7). The Court ordered him to file proof of service with the Court by May 15, 2019, and warned that if he failed to do so, his complaint would be dismissed without prejudice. *Id.* As of this date, Plaintiff has not filed proof of service with the Court.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or

comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626 at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Plaintiff failed to serve his lawsuit on Defendant, even after the Court ordered him to do so and gave him an additional 30 days beyond the original 90 days permitted under Rule 4(m), his complaint should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

### Recommendation

The Court recommends that the complaint be DISMISSED without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**.

May 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).