IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW HARDY MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-00105-K-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this closed *pro se* civil action are two submissions by Plaintiff Andrew Moore seeking to "reinstate" his case on the docket (ECF Nos. 67, 70). For the reasons stated, the Court should DENY Moore's request.

## Background

Moore brought his lawsuit in 2019 under the Federal Tort Claims Act (FTCA) asserting claims for medical negligence against a United States Department of Veterans Affairs Medical Center in Dallas. FCR 1 (ECF No. 63). The Magistrate Judge twice recommended dismissing Moore's lawsuit under Federal Rule of Civil Procedure 41(b) due to Moore's inability to serve his lawsuit despite detailed instructions from the Court on the proper procedure for effecting service and additional time beyond the original 90 days permitted under Rule 4(m). FCR (ECF Nos. 10, 23). Moore objected to both recommendations. Objs. (ECF Nos. 11, 25).

1

Ultimately, the District Court ordered the United States Marshal to effect service. Order (ECF No. 27).

In December 2021, the government filed a motion for summary judgment seeking dismissal of Moore's claims because he failed to provide expert testimony necessary to support those claims. MSJ (ECF No. 49). The parties fully briefed the motion, and on June 2, 2022, the Magistrate Judge entered Findings, Conclusions, and a Recommendation (FCR) that the District Court grant the motion and dismiss Moore's claims with prejudice. FCR (ECF No. 63). Moore did not file any objections to the Magistrate Judge's FCR, and the District Court dismissed the case with prejudice on June 22, 2022. Order (ECF No. 64); J. 1 (ECF No. 65).

On October 3, 2022, Moore appealed the dismissal of his claims. *See* Notice Appeal (ECF No. 66). But, on January 4, 2023, the Fifth Circuit dismissed the appeal because it was not timely filed. Order (ECF No. 68) (explaining "final day for filing a timely notice of appeal was Monday, August 22, 2022 . . . [but] Moore's *pro se* notice of appeal is both dated and stamped as filed on October 3, 2022.") (internal citations omitted).

Thereafter, on January 23, 2022, Moore a first "Motion to Reinstate." Mot. I (ECF No. 67). In his motion, which is presented on a state court form, Moore claims he was "unaware" his case had been dismissed and did not find out about the dismissal until October 3, 2022, when he filed his notice of appeal. Mot. I, at 1. The government filed a response on February 14, 2023, in which it objects to Moore using a state court form to attempt to reinstate his case. Resp. (ECF No. 69). The

2

government also disputes that Moore did not receive notice of the dismissal. *Id.* For his reply, Moore obtained a federal court form, which he titled "Motion to Reinstate Case on Docket." Mot. II (ECF No. 70). This submission includes allegations that are nearly identical to those in his original motion. That is, Moore maintains that he was "un[a]ware that [his] case was dismissed," and that he was told he "should've been notified via US mail by the Courts." *Id.*

## Legal Standard & Analysis

The Court evaluates a motion seeking reinstatement of a case or relief from judgment either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The Court determines the applicable rule based on when the motion is filed. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the Court considers the motion under Rule 59, and if the movant filed the motion beyond that time period, the Court analyzes it under Rule 60. *Id.* Here, Moore filed his motion for reinstatement 215 days after entry of the Judgment, so the Court considers the motion under Rule 60(b).

Rule 60(b) provides for relief from a final judgment and states that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been

3

> satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). The movant has the burden of establishing at least one of the Rule 60(b) requirements, and the court has discretion to determine whether that burden has been met. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)).

Moore does not identify any specific part of Rule 60(b) that would allow the Court to reconsider its judgment. He only states that he "was un[a]ware that [his] case was dismissed" and that he "should've been notified via US mail by the Courts." *See* Mot. I, at 1; Mot. II, at 1.

A lack of notice may serve as a basis for granting relief under Rule 60(b)(1). *See Quilling v. Schonsky,* 247 F. App'x 583, 587 (5th Cir. 2007); *see also Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393-94 (1993) (noting that "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence") (internal quotation marks omitted). But where courts have granted Rule 60(b)(1) motions for lack of notice, the moving party has presented more than an unexplained and uncorroborated assertion that he lacked notice. *See, e.g.*, *Hawkins v. Wells Fargo*

4

*Home Mortg.*, 2012 WL 5471134, at *1 (N.D. Tex. Nov. 9, 2012) (Lynn, J.) (granting Rule 60(b) motion where notice was mailed to correct address but movant had been evicted); *Reichardt v. BAC Home Loans Servicing LP,* 2012 WL 2935894, at *1 (E.D. Tex. June 12, 2012) (granting *pro se* plaintiff's Rule 60(b) motion where plaintiff stated she did not receive notice, defendant could not prove service, and court correspondence was returned as unclaimed/undeliverable).

Here, Moore avers that he was "unaware" that his case was dismissed, but he does not state that he did not receive notice of the Magistrate Judge's FCR recommending dismissal (ECF No. 63), the District Court's Order Accepting that recommendation (ECF No. 64), or the Judgment (ECF No. 65). Further, as the docket reflects, the Clerk sent notice of the FCR, the District Court's Order, and the Judgment to Moore by email at the address provided by Moore, which is the same address the Clerk used to notify Moore of other orders that Moore received. *See* ECF Nos. 63, 64, 65 (When the links are opened, the docket entry states, "Notice has been electronically mailed to: Andrew Hardy Moore."). The emails concerning the FCR, the District Court's Order, and the Judgment were not returned as undeliverable, and Moore provides no explanation for why he would not have received these documents, when he does not contest having received notices of other important case documents. Thus, Moore has not shown that he lacked notice due to "mistake, inadvertence, surprise, or excusable neglect." *See Brown v. ATX Grp., Inc.*, 2012 WL 6764527, at *4 (N.D. Tex. Dec. 14, 2012) (denying Rule 60(b)(1) motion because movant's "contentions that the Clerk's Office failed to

5

properly provide notice to [plaintiff] lack merit"); *see also Quilling,* 247 F. App'x at 587 (affirming denial of Rule 60(b) motion where there was "nothing in the record" to indicate lack of notice other than movant's allegation). The Court should deny Moore's motion to the extent it is based on Rule 60(b)(1).

Moore is likewise not entitled to relief under Rule 60(b)(2). To obtain relief under Rule 60(b)(2), the movant must demonstrate that new evidence exists, that he exercised due diligence in obtaining it, and that it is "material and controlling and clearly would have produced a different result if presented before the original judgment." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995) (quotation marks and citation omitted). Moore does not state that he has obtained the expert testimony necessary to support his claims. The Court should deny Moore's motion to the extent it is based on Rule 60(b)(2).

Moore is also not entitled to relief under Rule 60(b)(3), which provides relief from judgments procured by fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). The movant bears the burden of establishing "that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct," and the district court has discretion in determining whether the burden has been met. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citations omitted). The alleged conduct must prevent "the losing party from fully and fairly presenting his case or defense." *Id.* (citing *Toledo Scales Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1923). Moore does not contend that the government committed fraud in obtaining a favorable

6

disposition of its summary judgment motion. The Court should deny Moore's motion to the extent it is based on Rule 60(b)(3).

Moore is not entitled to relief under Rule 60(b)(4) or (b)(5). Moore fails to show the judgment is void, that it has been satisfied, released or discharged, or that it is based on an earlier judgment that has been reversed or vacated, such that relief under Rule 60(b)(4) or (b)(5) is appropriate. The Court should deny Moore's motion to the extent it is based on Rule 60(b)(4) or (b)(5).

Moore is not entitled to relief Rule 60(b)(6), which is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.,* 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604-05 (5th Cir.1986)). Here, Moore states only that he was unaware of that his lawsuit had been dismissed; his alleged "unawareness" of the dismissal of his lawsuit does not constitute "extraordinary circumstances." The Court should deny Moore's motion to the extent it is based on Rule 60(b)(6).

Finally, Moore's motions appear to reference the Fifth Circuit's decision to dismiss his appeal. But "[t]his Court does not have jurisdiction to entertain claims of appellate court error as a district court does not sit in direct review of a federal appellate court's holdings." *Demmitt v. United States*, 2017 WL 563977, at *7 (N.D. Tex. Jan. 20, 2017), *adopted by* 2017 WL 564531 (N.D. Tex. Feb. 10, 2017). This Court lacks jurisdiction to review or reopen Moore's Fifth Circuit appeal. The Court

7

should deny Moore's motion to the extent it seek relief from the Fifth Circuit's dismissal.

## Recommendation

For the reasons stated, the District Court should DENY Moore's Motion to Reinstate Case on Docket (ECF No. 67, 70).

**SO RECOMMENDED.**

March 9, 2023

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).